**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Brandon Hunter Kenny Rivers, Appellant.

Appellate Case No. 2016-000402

―――――――――――

Appeal From Lancaster County
Thomas A. Russo, Circuit Court Judge

―――――――――――

Unpublished Opinion No. 2017-UP-416
Submitted October 1, 2017 – Filed November 8, 2017

―――――――――――

**AFFIRMED**

―――――――――――

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General V. Henry Gunter, Jr., both of Columbia; and Solicitor Randy E. Newman, Jr., of Lancaster, all for Respondent.

―――――――――――

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Santiago*, 370 S.C. 153, 159, 634 S.E.2d 23, 26 (Ct. App. 2006) ("An appellate court will not reverse the trial [court's] decision regarding

jury charges absent an abuse of discretion."); *State v. Williams*, 400 S.C. 308, 314, 733 S.E.2d 605, 609 (Ct. App. 2012) ("If there is any evidence in the record from which it could reasonably be inferred that the defendant acted in self-defense, the defendant is entitled to instructions on the defense, and the [trial court's] refusal to do so is reversible error." (quoting *State v. Day*, 341 S.C. 410, 416-17, 535 S.E.2d 431, 434 (2000))); *State v. Bryant,* 336 S.C. 340, 344, 520 S.E.2d 319, 321 (1999) ("A self-defense charge is not required unless the evidence supports it. To establish self-defense in South Carolina, four elements must be present." (citation omitted)); *id.* at 344-45, 520 S.E.2d at 321-22 (stating the four required elements of self-defense in South Carolina are: (1) the defendant was without fault in bringing on the difficulty; (2) the defendant was in actual imminent danger of death or serious bodily injury, or he believed he was in such imminent danger; (3) a reasonable person would have also believed he or she was in imminent danger; and (4) the defendant had no other probable means of avoiding the danger); *id.* at 345, 520 S.E.2d at 322 ("Any act of the accused in violation of law and reasonably calculated to produce the occasion amounts to bringing on the difficulty and bars his right to assert self-defense as a justification or excuse for a homicide."); *State v. Jackson*, 384 S.C. 29, 36, 681 S.E.2d 17, 20-21 (Ct. App. 2009) ("An accused who provokes or initiates an assault cannot claim self-defense unless he both withdraws from the conflict and communicates his withdrawal by word or act to his adversary.").[1]

**AFFIRMED.**[2]

**WILLIAMS, THOMAS, and MCDONALD, JJ., concur.**

---

[1] We need not address whether South Carolina courts should recognize an accomplice liability based self-defense jury charge because under the facts of this case, Brandon Hunter Kenny Rivers would not be entitled to such a charge.

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.